IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GHEORGHE CIOCAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RICARDO GABRIEL JIMINEZ, individually ) <br> and as agent of WARREN TRANSPORT, ) <br> INC., and WARREN TRANSPORT, INC., ) <br> individually, ) <br> ) <br> Defendants. ) | Case No.: 15-CV-1426 |

### NOTICE OF REMOVAL

NOW COME the Defendants, RICARDO GABRIEL JIMINEZ and WARREN TRANSPORT, INC., by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the cause of action styled, *Gheorghe Ciocan v. Ricardo Gabriel Jiminez, individually and as agent of Warren Transport, Inc., and Warren Transport, Inc. individually*, Case No. 15 L 11, originally filed and now pending in the Circuit Court of the Tenth Judicial Circuit, Marshall County, Illinois, from said Circuit Court of the Tenth Judicial Circuit to the United States District Court for the Central District of Illinois, Peoria Division. In support of their Notice of Removal, Defendants state as follows:

1. Plaintiff, Gheorghe Ciocan, filed a Complaint against Ricardo Gabriel Jiminez and Warren Transport, Inc. on August 28, 2015. The Complaint and Summons

were served on Warren Transport, Inc. and are the only documents that Plaintiff has formally served upon either of the Defendants to date. A copy of the Summons and Complaint is attached as Exhibit A.

    2.    Ricardo Gabriel Jiminez, no longer affiliated with Warren Transport, Inc., has not yet been served with a Summons and/or Complaint and has not otherwise been presented with a copy of the Summons or Complaint. His undersigned attorneys received notice on September 21, 2015 for the first time that Warren Transport, Inc. had received the Summons and Complaint attached as Exhibit A.

    3.    This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

    4.    Pursuant to 28 U.S.C. §1446(b)(2)(A), each of the Defendants consent to and join in the removal of this action.

    5.    Upon information and belief, at the time of this accident, and since, Plaintiff was a citizen of the State of Illinois, residing in Illinois. (*See* Police Report, Exhibit B).

    6.    At all relevant times, Defendant Warren Transport, Inc. has been a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Iowa. (See Caughron Declaration, Exhibit C). Thus, Warren Transport, Inc. is a citizen of Nebraska and Iowa under federal law and is not a citizen of Illinois.

7. At all relevant times, Defendant Ricardo Gabriel Jiminez has resided in the State of Texas. (*See* Police Report, Exhibit B; Caughron Declaration, Exhibit C).

8. Plaintiff's Complaint simply alleges that he "prays for judgment...in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00)...together with his costs in bringing this suit." Exhibit A, pp. 4, 6, 9. Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

This is a personal injury action in which Plaintiff's alleged injuries arise out of a vehicle collision with a tractor-trailer. On August 26, 2015, Plaintiff's attorney, Scott Spiegel, sent Warren Transport, Inc's insurer correspondence rejecting a settlement offer of $100,000.00 and reducing his client's demand to $400,000.00. (*See* August 26, 2015 Spiegel e-mail, Exhibit D). Pursuant to these communications and actions, the amount in controversy, that is, the amount claimed by Plaintiff, clearly exceeds $75,000.00.

9. Pursuant to 28 U.S.C. § 1332, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. Accordingly, this Court has original

jurisdiction over this matter. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

10. This action is currently pending in the Circuit Court for the Tenth Judicial Circuit, Marshall County, Illinois. Pursuant to 28 U.S.C. 1441(a), removal to the United States District Court for the Central District of Illinois, Peoria Division, is proper.

11. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint served upon Warren Transport, Inc. in the removed case are attached to this Notice of Removal as Exhibit A. No such documents have been served upon Defendant Ricard Gabriel Jiminez.

12. Defendants will provide written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Tenth Judicial Circuit as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this civil action be removed from the Circuit Court of the Tenth Judicial Circuit, Marshall County, Illinois, to the United States District Court for the Central District of Illinois.

**DEFENDANTS DEMAND TRIAL BY JURY.**

        RICARDO GABRIEL JIMINEZ and
        WARREN TRANSPORT, INC.

        By: ____/s/ Brad W. Keller_____
        HEYL, ROYSTER, VOELKER & ALLEN
        Matthew S. Hefflefinger - #6201281
        Brad W. Keller - #6303676

HEYL, ROYSTER, VOELKER & ALLEN
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone  309.676.0400
Facsimile  309.676.3374
mhefflefinger@heylroyster.com
bkeller@heylroyster.com

## CERTIFICATE OF SERVICE

     I hereby certify that on October 14, 2015, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and have also sent the Notice of Removal and notification to the following attorneys for Plaintiff:

Mr. Scott Spiegel
Spiegel & Demars
19 S. LaSalle Street, Suite 902
Chicago, IL 60603

                                                      ____/s/ Brad W. Keller_____